

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2003

# USA v. Monroe

Precedential or Non-Precedential: Non-Precedential

Docket 02-1742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Monroe" (2003). *2003 Decisions.* Paper 617.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/617

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1742

UNITED STATES OF AMERICA

v.

GREGORY L. MONROE,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 99-cr-00239-2
(Honorable Thomas I. Vanaskie)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2003

Before: SCIRICA, GREENBERG and GIBSON*, Circuit Judges

(Filed     April 28, 2003     )

*The Honorable John R. Gibson, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

## I.

Gregory Monroe appeals the two level downward departure he received under the United States Sentencing Guidelines, arguing that the District Court should have granted him a greater downward departure.

## II.

During an investigation into crack cocaine distribution in Monroe County Pennsylvania which began in February, 1998, Monroe was involved in eight distributions of controlled crack cocaine. While serving a sentence for state charges,[1] Monroe was served with a federal criminal complaint. On October 5, 1999, a grand jury returned a multiple count indictment charging violations of 21 U.S.C. § 841. After negotiating a plea agreement, Monroe entered a plea of guilty to the distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). He also agreed to cooperate with the government by testifying against his co-defendants. To account for his assistance, the government requested a one level downward departure under U.S.S.G. § 5K1.1 from his guideline

---

[1]On October 14, 1998, Monroe was arrested as a shooting suspect. He was charged with aggravated assault and subsequently convicted for the shooting. On April 14, 1999, he was sentenced to a term of not less than 10 years nor more than 20, with credit for time served from October 14, 1998.

range of 151 to 188 months.[2]   Monroe urged a further downward departure of eight levels to make his federal sentence concurrent with his 80 month undischarged state sentence.  The District Court departed two levels and imposed a federal prison term of 130 months to run concurrently with his undischarged state sentence, followed by three years of supervised release.  This appeal followed.

## III.

Under 18 U.S.C. § 3742(a), a defendant has a right to appeal his sentence only where it:  (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than that specified in the applicable guideline range, or (4) was imposed when there is no applicable guideline and is plainly unreasonable.  18 U.S.C. § 3742(a); United States v. Torres, 251 F.3d 138, 151 (3d Cir, 2001), cert. denied, 534 U.S. 936 (2001).  But where a sentence is within the applicable guideline range and was lawfully imposed, we are without jurisdiction to review the sentence.  Torres, 251 F.3d at 151-52.

We also lack jurisdiction to review a decision not to depart from the applicable guideline range where a district court understands it has the power to depart but declines to do so.  See United States v. Hart, 273 F.3d 363, 378 (3d Cir. 2001); United States v.

_____

[2]Monroe had 55 prior arrests and 39 convictions, resulting in a subtotal of 38 criminal history points.  The District Court increased this subtotal by two points under U.S.S.G. § 4A1.1(e) because the instant offense was committed within two years of Monroe's release from custody.  Thus, Monroe was placed in Criminal History Category VI.

<u>Vitale</u>, 159 F.3d 810, 816 (3d Cir. 1998). But where a district court erroneously believes it does not have authority to reduce a sentence below the guidelines range, the sentence is reviewable as a matter of law. <u>United States v. Denardi</u>, 892 F.2d 269, 271 (3d Cir. 1989). A sentence is also reviewable where the record does not make clear whether the denial was based on an exercise of discretion or an erroneous legal interpretation. <u>United States v. Mummert</u>, 34 F.3d 201, 205 (3d Cir. 1994) (explaining, "in cases such as this, where the record does not make clear whether the district court's denial of departure was based on legal or discretionary grounds, we believe that the appropriate course of action is to vacate the sentence and remand for the district court to clarify the basis for its ruling.").

**IV.**

Here, Monroe's challenge fails to raise a proper basis for appeal. Instead, Monroe attacks a lawfully imposed sentence, arguing that he should have received a sentence of 80 months to make his federal sentence completely concurrent with his undischarged state sentence. In making this argument, Monroe asserts that "it appears [the District Court] believed [it] could not make the sentence totally concurrent." Appellant Br. at 9. Yet the record clearly shows the District Court was aware of its ability to make the sentences concurrent, but declined to do so. The District Court stated:

> [Y]ou are, I think, entitled to a downward departure here based upon your substantial assistance, and taking all of that into account, and trying to impose an appropriate punishment for the drug trafficking, which was very

serious, and you were the enforcer on that. You were brought up here as the enforcer, as the presentence report revealed.

And in fact, while there's no indication that the incident which you shot a person involved drugs, it certainly is consistent with you being the enforcer up here and protector, and that's a very serious matter. And many of the sentences you've received in the past were on the lenient side, Mr. Monroe, certainly the ten to twenty years was not.

And it's my judgment in this case that in view of the circumstances that it would not be appropriate to impose a sentence as asked for by your attorney here.

Thus, it is clear that the District Court did not err as a matter of law, but rather exercised its discretion in declining to impose a concurrent sentence because it "would not be appropriate."

## V.

Accordingly, we will dismiss the appeal for lack of appellate jurisdiction.

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica

Circuit Judge

April 25, 2003

TO:        Marcia M. Waldron, Clerk

FROM:      Judge Scirica

RE:        United States v. Gregory L. Monroe
           No. 02-1742
           Submitted:  February 27, 2003


Dear Marcy:

        Please file the attached not precedential opinion which has been cleared in accordance with our procedure.  The signed original is being delivered to your office.

                                   Sincerely,



                                   Anthony J. Scirica


AJS:sss

cc (letter only):  Judge Greenberg
                   Judge Gibson